Isaias VELASQUEZ PALENCIA, Maria Martina Velasquez, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

Nos. 06–70981, 06–73487.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 22, 2009.

Christopher J. Todd, Esquire, Mill Valley, CA, for Petitioners.

Paul Fiorino, Esquire, Lyle Davis Jentzer, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

In these consolidated petitions, Isaias Velasquez Palencia ("Velasquez Palencia") and Maria Martina Velasquez ("Velasquez"), husband and wife and natives and citizens of Mexico, petition for review of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the Board of Immigration Appeals' ("BIA") orders dismissing their appeal from an immigration judge's ("IJ") removal order, and denying their motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo legal claims. *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir.2005). We dismiss petition No. 06–70981 with respect to Velasquez Palencia, and grant and remand with respect to Velasquez. We deny petition No. 06–73487.

We lack jurisdiction to review the agency's discretionary determination that Velasquez Palencia failed to show exceptional and extremely unusual hardship to a qualifying relative, *see Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005), and Velasquez Palencia does not raise a colorable due process claim, *id.* We need not reach Velasquez Palencia's challenge to the IJ's good moral character determination because the agency's hardship determination is dispositive.

We lack jurisdiction over Velasquez Palencia's contention regarding the IJ's alleged exclusion of evidence because Velasquez Palencia failed to exhaust this contention. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (exhaustion is generally mandatory and jurisdictional).

The record reflects that the agency did not consider potential hardship to Velasquez' legal permanent resident mother should Velasquez be removed to Mexico. *See* 8 U.S.C. § 1229b(b)(1)(D). We therefore remand for further consideration of Velasquez's cancellation of removal application. *See generally INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

The BIA acted within its discretion in denying petitioners' motion to reopen alleging ineffective assistance of counsel be-cause petitioners failed to demonstrate that they were prejudiced by their former counsel's performance. *See Mohammed,* 400 F.3d at 793–94.

We lack jurisdiction over Velasquez Palencia's contentions that the IJ erroneously denied him voluntary departure, and that his former counsel's failure to raise this to the BIA was prejudicial, because Velasquez Palencia failed to exhaust these contentions. *See Barron,* 358 F.3d at 678; *Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000).

**No. 06–70981: PETITION FOR REVIEW DISMISSED with respect to Isaias Velasquez Palencia; GRANTED AND REMANDED with respect to Maria Martina Velasquez.**

**No. 06–73487: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**